JUDGE ROBERTSON
delivered the opinion op the court:
The impossibility of being both obligor and obligee on the same note ; the absurdity of making the note of Nichols legally void by the subsequent signature of Cason’s name as apparent co-obligor to himself as obligee; the date of his signature, long after the execution of the note by Nichols to him and after his assignment of it to Car-den, the assignor, to the appellee, conduce to the conclusion that Cason’s name under that of Nichols was, an inadvertent mislocation of it, and that he thus signed the note as mere guarantor; and Carden’s statement might tend to show, that, as he was willing to take the note as a mere assignee, the superadded guaranty was gratuitous. On this construction, the suit ought to have been brought, and might have been maintained, against Nichols as sole obligor; and there was no cause of action on the original consideration. But if a suit could be main *390 tained on the original consideration, Carden’s assignment to Wallace gave him only a right to sue on the note, but no cause of action to sue on the original consideration. Carden alone could do that; he has not done it.
Wherefore, on these grounds, the judgment is reversed, and the cause remanded, with instructions to dismiss the petitions.